

FILED
MAR 2 6 2020

| | |
|---|---|
| JOSEPH ALLEN GOLLIHER-WEYER,<br><br>Petitioner,<br><br>vs.<br><br>DARIN YOUNG, WARDEN, and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 1:19-CV-01020-CBK<br><br>**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br>**AND**<br>**ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to attack his conviction for fourth degree rape and 15-year sentence. His request to proceed without the prepayment of fees was granted. Defendants have filed a motion to dismiss on the basis that the petition is untimely.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period of limitations begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner was sentenced on March 16, 2015. He appealed and the South Dakota Supreme Court affirmed on February 3, 2016. State v. Golliher-Weyer, 875 NW2d 28 (SD 2016). The one-year period of limitations began to run in this case on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time for filing a petition for a writ of certiorari in the United States Supreme Court challenging the conviction on direct review expired May 1, 2016. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001) (the time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days). Petitioner filed a petition for a writ of habeas corpus in state court on August 31, 2016. Four months elapsed prior to doing so and those four months count against the one-year period of limitations. *See* Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). *Accord* Boston v. Weber, 525 F.3d 622, 625-26 (8th Cir. 2008).

The one-year statute of limitation period is tolled during the time when a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006). The period of limitations was tolled between August 31, 2016, and September 7, 2018, when the South Dakota Supreme Court denied a certificate of probable cause to appeal the denial of the state court petition. Petitioner placed his federal petition in the mail in September 2019, 12 months later. Sixteen months of countable time expired before petitioner filed his federal petition for a writ of habeas corpus. The petition is untimely.

Petitioner has not identified any provision of § 2244(d)(2) which would have extended the limitations period. Nor has he identified "extraordinary circumstances" beyond his control that made it impossible to file a petition on time and thus warranting equitable tolling. Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003). In response to the

2

motion to dismiss the petition as untimely, petitioner asserts that he is not learned in the law and has had inadequate access to a law library. None of the foregoing constitute extraordinary circumstances warranting equitable tolling of the limitations period. *Id.*

Now, therefore,

IT IS ORDERED that the motion, Doc. 7, to dismiss the petition is granted and the petition for a writ of habeas corpus is dismissed as untimely.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order dismissing petitioner's untimely petition for a writ of habeas corpus. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 26th day of March, 2020.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge